## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5783 | **DATE** | 2/3/12 |
| **CASE TITLE** | Dwayne McNeal (R-09141) & Sherrod Tillis (R-40504) vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to alter or amend this court's 9/30/11 judgment [9] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiffs Dwayne McNeal (R-09141) and Sherrod Tillis (R-40504), both Pontiac Correctional Center inmates, jointly filed this civil rights suit under 42 U.S.C. § 1983 against the City of Chicago. McNeal and Tillis allege that in March 2000 and April 2002, respectively, they waited more than 48 hours before they received a probable cause hearing. McNeal allegedly waited 50 hours. Tillis allegedly waited 49 hours and 15 minutes. (Complaint at 4.) Both plaintiffs state that they are members of the class in *Dunn v. City of Chicago*, No. 04 C 6804 (N.D. Ill.) (Gettleman, J.), but that they were not able to submit a claim or opt out by the September 24, 2010, deadline, because they did not learn about the class action suit until March 2011 by "word of mouth." (Complaint at 3.)

On September 30, 2011, this court dismissed plaintiffs' suit upon determining that, because plaintiffs had not opted out of the *Dunn* class, they could not proceed with a separate suit. McNeal and Tillis have filed a motion for relief from the September 30th judgment. Again, they state that they never received notice of the *Dunn* class, and they submit correspondence between McNeal and the firm administering the *Dunn* settlement, Loevy and Loevy. According to a May 26, 2011, letter from Loevy and Loevy, which outlines the firm's efforts to provide notice to class members, McNeal was not in the database as a potential class member and may not have been initially sent notice of the class. (Doc. #9 at p.54, Exh. B-5, May 26, 2011, Loevy & Loevy letter.) Such information purportedly demonstrates that McNeal did not receive mailed notification of the *Dunn* settlement. Proof that McNeal and Tillis (the court will presume a similar situation for Tillis) did not receive actual notice, however, does not provide grounds for altering the court's dismissal.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *see also Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). Although the motion includes correspondence and information about whether the plaintiffs actually received notice, such correspondence is clearly not newly discovered evidence, nor does it demonstrate manifest error. The court presumed to be true plaintiffs' allegations that they did not receive actual notice of the *Dunn* settlement. The failure to receive actual notice by a class member, however, does not provide plaintiffs with the ability to proceed separately with their claims.

The requirement that individual notice of the class action be provided to potential class members does

## STATEMENT

not mean that each member must receive actual notice. *Medina v. Manufacturer's & Traders Trust Co.*, No. 04 C 2175, 2004 WL 3119019, at *3 (N.D. Ill. Dec. 14, 2004) (Zagel, J.). "Due process does not require that every class member receive notice." *In re AT & T Mobility Wireless Data Services Sales Tax Litigation*, 789 F. Supp. 2d 935, 968 (N.D. Ill. 2011), citing *Burns v. Elrod*, 757 F.2d 151, 157 (7th Cir.1985). Where the judge in the class action approved the settlement following a fairness hearing, directed that each class member be mailed notice, and determined that the best practical means of notice had been provided, courts have not required that each class member actually receive notice. *Purnell v. Sheriff of Cook County*, No. 07 C 7070, 2009 WL 1210651, *3 (N.D. Ill. May 4, 2009), citing *Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987) ("[A]n absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice."), citing 7B Wright, Miller & Kane, *Federal Practice and Procedure* § 1789, at 253 (2d ed.1986).

In the *Dunn* suit, Judge Gettleman approved the settlement after a hearing, as well as the manner of notice, which included not only mailings but also posted notices. *See Dunn*, No. 04 C 6804 (Oct. 6, 2010, order). The fact that McNeal and Tillis did not actually receive notice simply does not provide grounds for them to avoid the provisions of the settlement, which required the submissions of either a claim or opt-out notification by September 24, 2010. They have thus neither demonstrated manifest error nor provided newly discovered evidence to warrant altering or amending the prior dismissal of this case.

Accordingly, their motion to alter or amend judgment is denied.